IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DALE ANTHONY MALCEVICZ                                                                          PLAINTIFF

v.                                    Civil No. 3:25-cv-03010-TLB-CDC

SHERIFF JOHN MONTGOMERY,
Baxter County, Arkansas; and JAIL
ADMINISTRATOR TABITHA MAZE,
Baxter County Detention Center                                                                  DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Court's Orders.

### I.     DISCUSSION

Plaintiff filed his Complaint to initiate this action on February 6, 2025. (ECF No. 1). That same day, an Order was entered advising Plaintiff his application to proceed *in forma pauperis* was deficient because it did not contain a certificate of account. (ECF No. 3). Plaintiff was given until February 25, 2025, to provide the certificate of account. He was advised that failure to comply with the Order could result in the summary dismissal of the case.

Plaintiff failed to provide the certificate of account. To ensure procedural fairness, the Court entered a Show Cause Order on February 27, 2025. (ECF No. 5). Plaintiff was given until March 20, 2025, to show cause why he failed to obey the Order of the Court. Plaintiff was advised

1

that if he failed to respond to the Show Cause Order, the case **shall** be subject to dismissal.

To date, Plaintiff has not submitted a certificate of account or responded to the Show Cause Order. No mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders (ECF Nos. 3 & 5). Plaintiff was advised in each of the these Orders that failure to comply would subject the case to dismissal.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.     CONCLUSION

For these reasons, it is recommended that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this case be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case; his failure to obey the orders of the Court; and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

**The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of March 2025.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE